June 8, 1908.

———o———

## No. 4493.

### (Court of Appeal, Parish of Orleans.)

### R. McWILLIAMS VS. MRS. ALICE D. LYONS.

1. A contract between an owner of real estate and a broker, by which the latter is to receive from the former a commission to effect a sale, contemplates an actual sale.

2. A petition, claiming the commission which shows a conditional agreement to buy; subject to a deposit of earnest by the proposed buyer, and which further shows that the purchaser has refused to comply with his agreement and no sale has been made, discloses no cause of action.

Appeal from Civil District Court, Division "C."

Morgan & Milner, for Plaintiff and Appellant.

Benjamin Ory, for Defendant and Appellee.

DUFOUR, J. This is an appeal from a judgment sustaining

231

an exception of no cause of action to a petition, the allegations of which are substantially as follows:

That defendant, on June 7, 1907, authorized plaintiff to sell certain real estate belonging to her for the sum of $40,000, and agreed to pay your petitioner "a commission of two per cent when act of sale has been completed."

That, on June 15, 1907, the American Cigar Company, with whom petitioner had negotiated for the sale of said property, made a counter proposition to purchase for $37,500 upon certain conditions and that Mrs. Lyons accepted in the following words: "I accept the above proposition and agree to pay R. McWilliams a commission of two per cent for effecting the sale."

That the American Cigar Company made a deposit of ten per cent of the purchase price of said property, but thereafter refused to carry out the agreement. That Mrs. Lyons has instituted suit against said cigar company to forfeit the deposit for violation of its agreement to buy.

That petitioner has carried out his contract and effected the sale of the property and earned his commission, and he prays for judgment accordingly. The documents annexed to and forming part of the petition show that the deposit made was intended to be earnest money.

It is difficult to see upon what grounds the plaintiff can receive the relief he prays for.

The contract which he alleges and which must necessarily be the sole measure of his rights is not an absolute sale, but merely a conditional one, it is not one under which specific performance may be compelled. There is no enforceable obligation upon the purchaser to take the property and he is at liberty to withdraw from his bargain by forfeiting his earnest money.

Hence, the plaintiff cannot be considered to have "effected the sale," in the face of his averment that the purchaser refused to carry out his agreement.

In a case analogous to this, the Supreme Court recently said:

"A contract between an owner of real estate, and a broker which provides that, in the event of the sale of the property, under a certain option which has been given, a commission shall be paid to the broker, contemplates an actual sale, and a petition claiming the commission and alleging an agreement to buy subject to a deposit of earnest by the proposed buyer,

but which fails to allege that a sale has been made or that the customer is willing to comply with his agreement to buy, discloses no cause of action."

Jordy vs. Salmen Company, decided May 11, 1908.

The judgment herein sustained the exception but reserved to the plaintiff all rights to renew his demand, should the defendant succeed in effecting the sale or in collecting the forfeit money.

Judgment affirmed.